IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRINCELLA VALENTINE STEELS, | § | |
| TDCJ-CID NO. 1926484, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-0679 |
| | § | |
| WILLIAM STEPHENS, | § | |
|     Respondent. | § | |

## MEMORANDUM AND ORDER ON DISMISSAL

Petitioner Princella Valentine Steels, a state inmate proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from a state court felony conviction. (Docket No. 1.) Because Petitioner has not exhausted her state court remedies, the Court will dismiss this action.

## BACKGROUND

On April 28, 2014, Petitioner was convicted in the 263rd Criminal District Court of Harris County, Texas, for fraudulent use or possession of identifying information (Cause No. 1416047). TDCJ Offender Search website.[1] Petitioner was sentenced to twelve years confinement in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID). Petitioner states that she filed a direct appeal from her conviction to the First Court of Appeals of Texas, but she indicates that the appeal is

---

[1] http://offender.tdcj.state.tx.us/OffenderSearch/offenderDetail.action?sid=02684185 (viewed April 7, 2015).

still pending and she has not received any response from that court. (Docket No. 1 at 3.) Petitioner also states that she filed a state habeas petition in the Texas First Court of Appeals on February 11, 2015, which also remains pending (Cause No. 01-15-00120-CV). (Id. at 4.) Although public court records do show that case as pending, it is identified as an appeal from a 2012 conviction in the 152nd District Court of Harris County, Texas. Texas Courts website.[2] A search of state court records did not reveal any appeals or petitions filed in regard to the conviction challenged in the instant petition.

## ANALYSIS

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. Coleman v. Thompson, 501 U.S. 722 (1991). Those statutes provide in pertinent part as follows:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that  –
>
>   (A)  the applicant has exhausted the remedies available in the courts of the State; or

---

[2] http://www.search.txcourts.gov/Case.aspx?cn=01-15-00120-CV&coa=coa01 (viewed April 7, 2015.)

>    (B)(i)      there is an absence of available State corrective process; or
>
>    (ii)       circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>    * * * *
>
>    (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) – (c). Under this framework, exhaustion means that a petitioner must have presented all of her habeas corpus claims fairly to the state's highest court before she may bring them to federal court. <u>Castille v. Peoples</u>, 489 U.S. 346 (1989); <u>Fisher v. State</u>, 169 F.3d 295, 302 (5th Cir. 1999). Generally, exhaustion in Texas may take one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a Petition for Discretionary Review in the Texas Court of Criminal Appeals, or (2) she may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the Texas Court of Criminal Appeals. <u>Myers v. Collins</u>, 919 F.2d 1074 (5th Cir. 1990).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." <u>Mercadel v. Cain</u>, 179 F.3d 271, 275 (5th Cir. 1999);

Fisher, 169 F.3d at 302.  A claim is exhausted when a habeas petitioner provides the highest state court with a "'fair opportunity to pass upon the claim,' which in turn requires that the applicant 'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'"  Mercadel, 179 F.3d at 275 (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)).

In this case, Petitioner admits that she has not exhausted state habeas remedies on her present claims (Docket No. 1 ¶ 24), and public records also confirm this fact.  Because Petitioner's claims are unexhausted, her petition must be dismissed under 28 U.S.C. § 2254.

## CERTIFICATE OF APPEALABILITY

A Certificate of Appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." Id.; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). When denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beazley, 242 F.3d at 263 (quoting Slack, 529 U.S. at 484); see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

Because Petitioner cannot make a substantial showing that reasonable jurists would find the Court's procedural ruling here debatable or wrong, a Certificate of Appealability from this decision will be denied.

CONCLUSION

Accordingly, the Court ORDERS as follows:

1. Petitioner's Motion to Proceed *In Forma Pauperis* (Docket No. 2) is GRANTED.

2. The petition is DISMISSED WITHOUT PREJUDICE, for failure to exhaust all available state remedies as required by 28 U.S.C. § 2254.

3. A Certificate of Appealability is DENIED.

4. All other pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order to Petitioner.

SIGNED at Houston, Texas on April 10, 2015.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE